IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,  )
                                  )
            Plaintiff,  )
                                  )
    v.  )        Criminal Action No. 04-61-KAJ
                                  )
GEORGE BLOOD,  )
                                  )
           Defendant.  )

## GOVERNMENT'S MOTION IN LIMINE

The United States of America, by and through its attorneys Colm F. Connolly, United States Attorney for the District of Delaware, and Richard G. Andrews and Douglas E. McCann, Assistant United States Attorneys for the District of Delaware, pursuant to the Court's Order dated December 22, 2004, hereby moves in limine as follows in regard to four issues:

1. The Defendant is charged with twelve counts of mail fraud, wire fraud, and engaging in monetary transactions with the proceeds of mail and wire fraud.

### Issue – Defendant's Prior Conviction

2. On or about January 9, 2004, the Defendant was convicted in the United States Court for the Middle District of Tennessee of two counts of possession of counterfeit and forged securities, in violation of Title 18, United States Code, Section 513.

3. The Defendant may testify at trial. Should he do so, the Government would seek to impeach his testimony with the Tennessee conviction.

4. The Tennessee conviction is admissible under Federal Rule of Evidence 609(a) -- under Rule (a)(1) as a discretionary matter, since the conviction is for a felony, and under Rule (a)(2) as

of right, since the conviction "involved dishonesty." Fed. R. Evid. 609(a). *See United States v. Wong*, 703 F.2d 65 (3d Cir. 1983) (district court has no discretion not to admit 609(a)(2) conviction against defendant if he testifies).

## Issue – the Culpability of Other Individuals, as reflected by arrests or charges

5.     The Defendant's activities involved a number of other people (specifically, Frank Layon, Yoichi Moriuchi, Carol McCarthy, Bill Vanden Eynden, and various individuals associated with Moriuchi) whose activities could be argued to involve culpable conduct. To the knowledge of the undersigned, none of these people have been arrested or charged with any crimes in relation to their activities. The United States does not expect any of them to be called by either party as a witness at trial. The United States seeks to bar any reference by cross-examination of Government witnesses, by direct examination of defense witnesses, or in opening statement or closing argument, to the fact that these individuals have not been arrested or charged. First, an arrest or a charge, or the lack of an arrest or a charge, is not probative of guilt or innocence of a person. Thus, it follows that whether or not a person has been arrested or charged on a related crime is no proof of the guilt or innocence of a third party -- in this case, the Defendant. Second, since the other individuals are not on trial, whether they should or should not have been arrested is unlikely to be fairly developed in a trial where the issue is the Defendant's guilt or innocence. Third, testimony that other people have not been arrested would also be prejudicial to the Government's case, inasmuch as it would suggest, implicitly if not explicitly, that the Defendant was being treated unfairly.

## Issue – Use of Non-filing of Tax Returns to Show Motive

6.     The Government has an exhibit showing that the Defendant did not file a tax return in 1999 or 2000. The Government submits that this exhibit is relevant to prove that George Blood made less than about $13,800 in 2000. This follows from the fact that if a married person made

more than $13,800 in 2000, the person was under a duty to file a tax return.[1] Since George Blood did not file a tax return, it may be inferred that his income was less than the amount that triggered the requirement of filing a tax return. This would give him a strong financial motive – greed – to commit fraud against the investors in this case. Thus, the evidence is relevant. The Government would also suggest that there would be no unfair prejudice to the Defendant associated with the introduction of this Exhibit. The Government is not going to argue that he should have filed a tax return for these years, and, indeed, does not have any evidence that he had any income from any source other than whatever he obtained by taking the investors' monies in the scheme charged in the indictment.

### Issue – Foundation for Admission of Business Records

7.    The Government has provided, or made available, to defense counsel various business records of three banks relating to five bank accounts, a mortgage company, a title company, and a money management company. The Government has signed certifications from two banks relating to four bank accounts, the money management company and the mortgage company, and expects shortly to obtain certificates from the other bank, and the title company, attesting to the business records (see Fed. R. Evid. 803(6)) foundation for the records. The certificates are in the form provided for by Federal Rule of Evidence 902(11). The certificates are attached.[2] The Government gave notice that it would rely on this rule of evidence and the certificates in a letter to defense counsel dated April 4, 2005. Thus, the Government respectfully submits, the foundation for the admission of these records is met. *See generally United States v. LaGuerre*, 119 Fed. Appx. 458, 2005 WL 23412 (4th Cir. Jan. 6, 2005) (discussing requirements of Rule 902(11)). The

---

[1] It would be $12,700 in 1999. This is an oversimplification, in the Defendant's favor.

[2] Unsigned copies of the Bank of America and Merit Title certificates are provided.

Government's interest in addressing this matter pretrial is to streamline the trial and to make sure that the Government has all necessary witnesses at trial. The Government would therefore respectfully request a pretrial ruling, pursuant to Fed. R. Evid. 104(a), that the certificates provide an adequate foundation for the admission of various Government Exhibits, described as follows:

GX-21, 29, 38, 46, 55, and 69 – Bank of America monthly bank statements[3] of Greystone's bank account, and a $30,000 check written on the account;

GX-23, 26, and 30 – Mellon Bank monthly bank statement of George Blood's account, and $50,000 checks deposited into the account, and written on the account;

GX-24 – Waterfield Mortgage Co. documents relating to a mortgage loan application by Pamela Scheff;

GX-27 & 28 – Merit Title Co. documents relating to settlement on 658 Carleton Trail, Bel Air, Maryland, on August 30, 2000;

GX-63, 64, and 65 – Mellon Bank monthly bank statement of Legasure's bank account, a check drawn on the Legasure account, and a wire transfer from Mellon Bank.[4]

8.     In addition to these specific exhibits, the Government expects to use the certifications from the three banks relating to the five accounts as the basis for one or more financial summary exhibits being prepared by the IRS-CI Case Agent, Thomas J. Winterbottom. The underlying documents would need to be admissible in order to present the summaries to the jury. *See* Fed. R. Evid. 1006.

9.     While the Government doubts that there would be any basis for objecting to these exhibits on the basis of relevance, the Government does not request that the Court determine at this time that

---

[3] The actual bank documents the Government expects to use at trial are, for the most part, not the copies obtained from the banks, but rather the originals, or copies of the originals, seized by search warrant.

[4] The Government is not providing copies to the Court at this time, as the Government does not know whether the Defendant will oppose the Government's request, and does not expect that the actual records will aid the Court in any ruling it has to make. If there is an objection by the Defendant, the Government will provide the relevant records, or examples thereof.

any of these exhibits are relevant. The Government's request is merely that the Court determine that the certificates provide an adequate foundation to admit the exhibits as business records, without the need to call a custodian of records.

Wherefore, the Government's motion in limine should be granted.

Respectfully submitted,
COLM F. CONNOLLY
United States Attorney

By:  /s/ Richard G. Andrews
Richard G. Andrews
Douglas E. McCann
Assistant United States Attorneys

Dated:  April 11, 2005

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 04-61-KAJ |
| | : | |
| GEORGE BLOOD, | : | |
| | : | |
| Defendant. | : | |

### CERTIFICATION

1. I am the custodian of records for  Bank of America, N.A. , which has offices and branches in numerous states including Baltimore, Maryland                          .

2. During all relevant and material times concerning the below-described records:

   a.      Bank of America, N.A.      was and is a business which provides banking services;

   b.    it was and is the regular practice of  Bank of America, N.A.                         to make memoranda, reports, records, and data compilations concerning customer accounts, including checking accounts;

   c.    employees of  Bank of America, N.A.       make and keep these memoranda, reports, records and data compilations in the ordinary course of the regularly conducted business activity of Bank of America, N.A.    ;

   d.    the employees who make these memoranda, reports,  records, and data compilations, make these memoranda, reports, records and data compilations of acts and events: 1) at or near the time the information contained therein is transmitted to those employees, and 2) from

GOVERNMENT EXHIBIT

A

information transmitted by persons with knowledge of the information; and

e.  records relating to account   003928429508, an account of Greystone International, Ltd., for the time period January 2000 to December 2001, including monthly statements, deposit items, checks, and wire transfers, are memoranda, reports, records and data compilations of records of the regularly conducted business activity of Bank of America, N.A., made and kept as stated in this certification.

I, _____, hereby declare under penalty of perjury that the foregoing is true and correct.  Executed on the ____ day of _____, 2005.

_____

(Signature)

IN THE UNITED STATES DISTRICT COURT

RECEIVED

FOR THE DISTRICT OF DELAWARE

MAR 2 5 2005

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 04-61-KAJ |
| | : | |
| GEORGE BLOOD, | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATION

1. I am the custodian of records for __Wilmington Trust Co.__, which has offices and branches in numerous states including _Wilmington, Delaware_____.

2. During all relevant and material times concerning the below-described records:

    a. _Wilmington Trust Co._____ was and is a business_which provides banking services_;

    b. it was and is the regular practice of _Wilmington Trust Co._____ to make memoranda, reports, records, and data compilations concerning customer accounts, including checking accounts_;

    c. employees of _Wilmington Trust Co._____ make and keep these memoranda, reports, records and data compilations in the ordinary course of the regularly conducted business activity of_Wilmington Trust Co.___;

    d. the employees who make these memoranda, reports, records, and data compilations, make these memoranda, reports, records and data compilations of acts and events: 1) at or near the time the information contained therein is transmitted to those employees, and 2) from information transmitted by persons with knowledge of the information; and



GOVERNMENT
EXHIBIT
B

e.   records relating to account   2803-5632, an account of Beneficial Growth

Systems., for the time period May 1999 to December 2001, including

monthly statements, deposit items, checks, and wire transfers, are

memoranda, reports, records and data compilations of records of the

regularly conducted business activity of Wilmington Trust Co., made and

kept as stated in this certification.

I, Allison A Berl , hereby declare under penalty of perjury that the
foregoing is true and correct.  Executed on the 25 day of March , 2005.

(Signature)

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,  :
                                               :

        Plaintiff,  :

                                             :

        v.  :          **Criminal Action No. 04-61-KAJ**

                                           :

GEORGE BLOOD,  :

                                           :

        Defendant.  :

## CERTIFICATION

1. I am the custodian of records for __Citizens Bank__ , which has offices and branches in numerous states including __Philadelphia, Pennsylvania__ . __Citizens Bank is the repository for various records of Mellon Bank (DE) N.A. as a result of a corporate acquisition.__

2. During all relevant and material times concerning the below-described records:

    a. __Mellon Bank (DE) N.A.__ was and is a business __which provides banking services;__

    b. it was and is the regular practice of __Mellon Bank (DE) N.A.__ to make memoranda, reports, records, and data compilations concerning __customer accounts, including checking accounts;__

    c. employees of __Mellon Bank (DE) N.A.__ make and keep these memoranda, reports, records and data compilations in the ordinary course of the regularly conducted business activity of __Mellon Bank (DE) N.A.__ ;

    d. the employees who make these memoranda, reports, records, and data compilations, make these memoranda, reports, records and data compilations of acts and events: 1) at or near the time the information contained therein is transmitted to those employees, and 2) from information transmitted by persons with knowledge of the information;



GOVERNMENT
EXHIBIT
C

and

e.    records relating to account   <u>0029-910-5</u>, an account of <u>George Blood,</u> for the time period <u>January 1999 to December 2001</u>, including monthly statements, deposit items, checks, and wire transfers, are memoranda, reports, records and data compilations of records of the regularly conducted business activity of <u>Mellon Bank (DE) N.A.</u>, made and kept as stated in this certification.

I, _Robin Edwards_ , hereby declare under penalty of perjury that the foregoing is true and correct.  Executed on the _28th_ day of _March_ , 2005.

_____
(Signature)

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,      :

                              :

       Plaintiff,         :

                              :

       v.               :       **Criminal Action No. 04-61-KAJ**

                              :

**GEORGE BLOOD,**             :

                              :

       Defendant.       :

## <u>CERTIFICATION</u>

1. I am the custodian of records for _ Citizens Bank_ , which has offices and branches in numerous states including _Philadelphia, Pennsylvania_ . _Citizens Bank is the repository for various records of Mellon Bank (DE) N.A. as a result of a corporate acquisition._

2. During all relevant and material times concerning the below-described records:

    a. _ Mellon Bank (DE) N.A. _ was and is a business _which provides banking services;_

    b.     it was and is the regular practice of _ Mellon Bank (DE) N.A. _____ to make memoranda, reports, records, and data compilations concerning _customer accounts, including checking accounts;_

    c.     employees of _ Mellon Bank (DE) N.A. _ make and keep these memoranda, reports, records and data compilations in the ordinary course of the regularly conducted business activity of _Mellon Bank (DE) N.A. _;

    d.     the employees who make these memoranda, reports, records, and data compilations, make these memoranda, reports, records and data compilations of acts and events: 1) at or near the time the information contained therein is transmitted to those employees, and 2) from information transmitted by persons with knowledge of the information;



GOVERNMENT
EXHIBIT
D

and

e.    records relating to account  <u>0002-496-3</u>, an account of <u>Millenium</u>

<u>Strategies International,</u> for the time period <u>August 1998 to December</u>

<u>2001</u>, including monthly statements, deposit items, checks, and wire

transfers, are memoranda, reports, records and data compilations of

records of the regularly conducted business activity of <u>Mellon Bank (DE)</u>

<u>N.A.</u>, made and kept as stated in this certification.

I, <u>Reba Edwards</u>, hereby declare under penalty of perjury that the foregoing is true and correct.  Executed on the <u>28th</u> day of <u>March</u>, 2005.

<u>                              </u>

(Signature)

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,          :
                                   :
      Plaintiff,                :
                                   :
      v.                        :          **Criminal Action No. 04-61-KAJ**
                                   :
GEORGE BLOOD,                      :
                                   :
      Defendant.                :

## CERTIFICATION

1. I am the custodian of records for  Citizens Bank , which has offices and branches in numerous states including Philadelphia, Pennsylvania . Citizens Bank is the repository for various records of Mellon Bank (DE) N.A. as a result of a corporate acquisition.

2. During all relevant and material times concerning the below-described records:

    a.  Mellon Bank (DE) N.A.     was a business which provides banking services;

    b.    it was the regular practice of  Mellon Bank (DE) N.A.           to make memoranda, reports, records, and data compilations concerning customer accounts, including checking accounts;

    c.    employees of  Mellon Bank (DE) N.A.      made and kept these memoranda, reports, records and data compilations in the ordinary course of the regularly conducted business activity of Mellon Bank (DE) N.A.   ;

    d.    the employees who made these memoranda, reports, records, and data compilations, made these memoranda, reports, records and data compilations of acts and events: 1) at or near the time the information contained therein is transmitted to those employees, and 2) from information transmitted by persons with knowledge of the information;



and

e.   records relating to account   0002-474-3, an account of Legasure

International Corp., for the time period   January 1998 through December

2001   , including monthly statements, deposit items, checks, and wire

transfers, are memoranda, reports, records and data compilations of

records of the regularly conducted business activity of Mellon Bank (DE)

N.A., made and kept as stated in this certification.

I, _Reba Edwards_____, hereby declare under penalty of perjury that the
foregoing is true and correct.  Executed on the 28th day of _March____ , 2005.

_____
(Signature)

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,          :
                                   :
            Plaintiff,             :
                                   :
      S.                           :      Criminal Action No. 04-61-KAJ
                                   :
GEORGE BLOOD,                      :
                                   :
            Defendant.             :

## CERTIFICATION

1. I am the custodian of records for <u>Davis Funds</u>, which has its headquarters in Tucson, Arizona. <u>Davis Funds is an independent money management firm.</u>

   2. During all relevant and material times concerning the below-described records:

      a. <u>Davis Funds</u> was a business <u>which provided money management services, including mutual funds;</u>

      b. it was the regular practice of <u>Davis Funds</u>_____ to make memoranda, reports, records, and data compilations concerning <u>customer accounts, including mutual fund accounts;</u>

      c. employees of <u>Davis Funds</u>_____ made and kept these memoranda, reports, records and data compilations in the ordinary course of the regularly conducted business activity of <u>Davis Funds;</u>

      d. the employees who made these memoranda, reports, records, and data compilations, made these memoranda, reports, records and data compilations of acts and events: 1) at or near the time the information contained therein is transmitted to those employees, and 2) from information transmitted by



persons with knowledge of the information; and

e.   records relating to account   425-00211654400-5, an account of Carol H. McCarthy, relating to a $350,000 transaction in April 1999, including a request from the client dated April 19, 1999, and a 1999 transcript of transactions in the account in April and May 1999,  are memoranda, reports, records and data compilations of records of the regularly conducted business activity of Davis Funds, made and kept as stated in this certification.


I, ___Thomas Tays_____, hereby declare under penalty of perjury that to the best of my knowledge, the foregoing is true and correct.

Executed on the 4th day of April, 2005.

Signature by: Thomas Tays
Vice President and Chief Legal Officer

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,     :

                            :

        Plaintiff,         :

                            :

        v.              :     **Criminal Action No. 04-61-KAJ**

                            :

GEORGE BLOOD,           :

                            :

        Defendant.      :

## CERTIFICATION

1. I am the custodian of records for  Waterfield Mortgage Co., which has an office in  Fort Wayne, Indiana .

2. During all relevant and material times concerning the below-described records:

    a.   Waterfield Mortgage Co.  was and is a business which provides mortgage lending services;

    b.  it was and is the regular practice of  Waterfield Mortgage Co.  to make memoranda, reports, records, and data compilations concerning mortgage loan files;

    c.  employees of  Waterfield Mortgage Co.  make and keep these memoranda, reports, records and data compilations in the ordinary course of the regularly conducted business activity of Waterfield Mortgage Co.  ;

    d.  the employees who make these memoranda, reports,  records, and data compilations, make these memoranda, reports, records and data compilations of acts and events: 1) at or near the time the information contained therein is transmitted to those employees, and 2) from information transmitted by persons with knowledge of the information; and



GOVERNMENT EXHIBIT

E

e. records relating to a loan to <u>Pamela Scheff</u> in <u>August 2001</u> related to the

purchase of <u>658 Carleton Trail, Bel Air, MD 21014,</u> including <u>the mortgage loan</u>

<u>application and a gift letter,</u> are memoranda, reports, records and data

compilations of records of the regularly conducted business activity of <u>Waterfield</u>

<u>Mortgage Co.,</u> made and kept as stated in this certification.

    I, ___CARRIE A HOOVER_____, hereby declare under penalty of perjury that the
foregoing is true and correct.  Executed on the _4__ day of _APRIL_____, 2005.

_____
(Signature)
CARRIE A HOOVER
VICE PRESIDENT

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 04-61-KAJ |
| | : | |
| GEORGE BLOOD, | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATION

1. I am the custodian of records for  Merit Title Co., Inc., which has an office in Bel Air, Maryland .

2. During all relevant and material times concerning the below-described records:

    a.    Merit Title Co., Inc.   was and is a business which provides title services in relation to real estate closings;

    b.    it was and is the regular practice of  Merit Title Co., Inc.   to make memoranda, reports, records, and data compilations concerning the real estate closings for which it provides title services;

    c.    employees of  Merit Title Co., Inc.   make and keep these memoranda, reports, records and data compilations in the ordinary course of the regularly conducted business activity of Merit Title Co., Inc.  ;

    d.    the employees who make these memoranda, reports,  records, and data compilations, make these memoranda, reports, records and data compilations of acts and events: 1) at or near the time the information contained therein is transmitted to those employees, and 2) from



GOVERNMENT
EXHIBIT

information transmitted by persons with knowledge of the information; and

e. records relating to the <u>title services provided in connection with the real estate closing</u> of the purchase by <u>Pamela Scheff</u> in <u>August 2001</u> of <u>658 Carleton Trail, Bel Air, MD 21014,</u> including <u>the checks provided by the buyer to purchase the property, and the settlement sheet prepared for the real estate closing</u>, are memoranda, reports, records and data compilations of records of the regularly conducted business activity of <u>Merit Title Co., Inc.</u>, made and kept as stated in this certification.

I, _____, hereby declare under penalty of perjury that the foregoing is true and correct.  Executed on the ____ day of _____, 2005.


_____
(Signature)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 04-61-KAJ |
| | ) | |
| GEORGE BLOOD, | ) | |
| | ) | |
| Defendant. | ) | |

# **O R D E R**

The Court having considered the Government's Motion in Limine, and the Defendant's Response to the Motion in Limine, and having heard the parties at the Pretrial Conference,

IT IS ORDERED THAT:

If the Defendant testifies, the Government may impeach the Defendant with his prior federal conviction in Tennessee;

No party shall elicit testimony or otherwise make reference to the arrest/charge status of any person other than the Defendant;

Evidence that the Defendant did not file federal tax returns in 1999 and 2000 is probative of the Defendant's income in those years, and is therefore relevant to proof of the Defendant's motive in this case, where he is charged with financial crimes. To the extent there is any prejudice to the Defendant, it is minimal, and not unfair, since the Government has represented that it will not argue or suggest that he should have filed returns in those years;

There is an adequate evidentiary basis to admit Government Exhibits 21, 23, 24, 26, 27, 28, 29, 30, 38, 46, 55, 63, 64, 65, and 69, and the financial records described in the Government's certifications obtained from Wilmington Trust Co., Citizens Bank, Bank of America, and Davis Funds, pursuant to Fed. R. Evid. 803(6), and, subject to any relevancy or relevancy-related objections, they will be admitted at trial.

_____
Honorable Kent A. Jordan
United States District Judge

Dated:_____
Wilmington, Delaware

## <u>CERTIFICATE OF SERVICE</u>

I, Sharon L. Bernardo, employee with the United States Attorney's Office, hereby certify that

on April 11, 2005, I electronically filed the foregoing:

### GOVERNMENT'S MOTION IN LIMINE

with the Clerk of the Court using the CM/ECF which will send notification of such filing to:

      Eleni Kousoulis, Esquire
      Assistant Federal Public Defender
      704 King Street, Suite 110
      Wilmington, Delaware 19801


                                           /s/  Sharon L. Bernardo